IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GARY MATTHEW BURKHOLDER     )
    Plaintiff                    )
                                 )    C.A. No. 08-197Erie
    v.                           )
                                 )    Magistrate Judge Baxter
VESSEL/DEBTOR/ENS LEGIS,     )
    Defendant.                   )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I    RECOMMENDATION**

It is respectfully recommended that this action should be dismissed as frivolous in accordance with 28 U.S.C. § 1915(e)(2)(B). Plaintiff's other pending motions [documents # 3 and #5] should be dismissed as moot.

**II    REPORT**

Plaintiff, an inmate presently incarcerated at the State Correctional Institution at Forest in Marienville, Pennsylvania, initiated this action, *pro se,* by filing a document entitled "Quasi in Rem Affidavit for Prejudgment and/or Maritime Attachment/Arrest of the Defendant Vessel" (hereinafter referred to as "Complaint"). [Document # 1]. In his Complaint, Plaintiff claims that he is a "Secured Party Creditor," holding a "maritime lien" against, *inter alia,* his own birth certificate, driver's license, and social security number, as security for a purported debt owed to him of $ 100,000,000.00. (Id. at ¶¶ 1-2 and Exhibit attached at p. 8). Apparently, Plaintiff is claiming that he is a "vessel" under maritime law, and that the identification documents subject to his purported security instruments give him a security interest in himself (as the "vessel"). Plaintiff claims further that he, as secured creditor, has satisfied the alleged secured obligation in full and, thus, is entitled to take possession of the Defendant "vessel" (himself). (Id. at ¶¶ 3- 6).

1

Accordingly, Plaintiff asks this Court to issue a "writ of Maritime Attachment/Arrest" requiring the "US Marshal Service [to] make Maritime attachment/Arrest of the vessel (himself) and return to Creditor's location at 185 Mount Vernon Drive, Pittsburgh, Pennsylvania, [15223]." (Id. at ¶¶ 8, 10 and "Conclusion"). In addition to his Complaint, Plaintiff has filed a motion for leave to proceed *in forma pauperis*, [Document # 3], as well as a motion "to move the Clerk of courts ... for attachment/arrest and/or a hearing" [Document # 4].

On April 23, 1996, the Prison Litigation Reform Act (hereinafter, "Act"), Pub.L.No. 104-134, was enacted to amend 28 U.S.C. §1915, which establishes the criteria for allowing an action to proceed without payment of costs. Section 1915(e) as amended, states in relevant part: "The court shall dismiss the case at any time if the court determines that -- ...(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted..." A claim is frivolous if it: 1) is based upon an indisputably meritless legal theory and/or, 2) contains factual contentions that are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 327 (1989). A plaintiff has failed to allege a section 1983 claim if the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegation." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). This Court has discretion to dismiss frivolous or malicious *in forma pauperis* complaints under 28 U.S.C. § 1915. Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989). The U.S. Supreme Court has instructed that section 1915 provides the Court with the authority "... to dismiss a claim based on an indisputably meritless theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). In fact, the statute not only empowers the court to screen out frivolous cases before the complaint is served, it actually encourages it. Roman v. Jeffes, 904 F.2d 192, 195-96 (3d Cir. 1990).

A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should be done so despite failure to cite proper legal authority, confusion of

2

legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991); Boag v. MacDougall, 454 U.S. 364 (1982); Haines. Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). *See, e.g.*, Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990).

Here, Plaintiff has conjured up a clever, though quite transparent, ruse in an attempt to obtain his release from incarceration. Needless to say, the allegations of Plaintiff's Complaint have no basis in fact or law, and further consideration of the same would constitute a senseless waste of this Court's time and resources.

### III. CONCLUSION

For the foregoing reasons, this action should be dismissed as frivolous in accordance with 28 U.S.C. § 1915(e)(2)(B). Plaintiff's other pending motions [documents # 3 and #5] should be dismissed as moot.

      S/ Susan Paradise Baxter
      SUSAN PARADISE BAXTER
      Chief U.S. Magistrate Judge

Dated: September 30, 2008